UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM KNIPP, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-0960-KJM-EFB P<br><br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and for appointment of counsel.  Further, the complaint is before the court for screening.

**I.　Request to Proceed In Forma Pauperis**

Plaintiff's application for leave to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.　Request for Appointment of Counsel**

Plaintiff also requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States*

1

*Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

### III.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

2

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) and for the limited purposes of § 1915A screening and liberally construed, finds that it states a potentially cognizable due process claim against defendant Gonzalez arising out the disciplinary proceedings over which Gonzales allegedly presided.

As explained below, plaintiff fails to state cognizable claims against the other named defendants: Warden Knipp, Sergeant Mulford, and Lieutenant Mockely.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Here, plaintiff improperly attempts to impose liability on defendant Knipp simply because plaintiff complained to Knipp about the alleged wrongdoings of other prison employees. However, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

3

1  violated the Constitution." *Id.* Plaintiff's unsupported and conclusory allegations that defendant
2  Knipp has somehow violated his federal rights because he complained to him that others had
3  violated his rights falls far short of what is required to demonstrate Knipp's own involvement or
4  personal participation in any constitutional deprivation. The claim against defendant Knipp is
5  therefore dismissed with leave to amend.

6  Plaintiff also alleges that defendants Mulford and Mockely were looking in plaintiff's
7  direction when plaintiff was assaulted by three inmates. These scant allegations fail to state a
8  claim upon which relief could be granted. Moreover, it appears as though any potentially
9  cognizable claims would not be properly joined in this action with the due process claim against
10 Gonzales.

11  Under the Eighth Amendment, "prison officials have a duty to protect prisoners from
12 violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal
13 quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one
14 prisoner at the hands of another . . . translates into constitutional liability for prison officials
15 responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault
16 suffered by one inmate at the hands of another only where the assaulted inmate can show that the
17 injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and
18 that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the
19 relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a
20 prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834
21 (internal quotation omitted).

22  To be deliberately indifferent, the "official must both be aware of facts from which the
23 inference could be drawn that a substantial risk of serious harm exists, and he must also draw the
24 inference." *Id.* "Whether a prison official had the requisite knowledge of a substantial risk is a
25 question of fact subject to demonstration in the usual ways, including inference from
26 circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a
27 substantial risk from the very fact that the risk was obvious." *Id.* at 842. The "obviousness of a
28 /////

risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him . . . ." *Id.* at 843, n.8.

The complaint is devoid of any facts demonstrating that defendants Mulford and Mockely violated plaintiff's Eighth Amendment rights. Moreover, the allegations against defendants Mulford and Mockely appear to be completely unrelated to the due process claim against defendant Gonzales, and it appears that all of these claims could not be properly joined together in a single action, as they involve discrete events that do not arise out the same occurrence and involve a common question of law or fact.[1] *See* Fed. R. Civ. P. 20(a)(2). Plaintiff is granted leave to amend his claims against defendants Mulford and Mockely, only if he can cure these defects.

Thus, plaintiff may proceed on his due process claim against defendant Gonzales, or he may amend his complaint to attempt to cure the deficiencies in the complaint as identified herein. Plaintiff is not obligated to amend his complaint.

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

---

[1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*
2    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3    Any amended complaint must be written or typed so that it so that it is complete in itself
4    without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
5    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
6    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
7    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
8    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
9    1967)).

10   Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
11   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
12   *See* Local Rule 110.

13   If plaintiff chooses to proceed only on his due process claim against defendant Gonzales,
14   the court will construe plaintiff's election as his voluntary dismissal of defendants Knipp,
15   Mulford, and Mockely, without prejudice.

16   Accordingly, IT IS HEREBY ORDERED that:

17   1. Plaintiff's request to proceed in forma pauperis is granted.

18   2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
19   accordance with the notice to the California Department of Corrections and Rehabilitation, filed
20   concurrently herewith.

21   3. Plaintiff's request for appointment of counsel (ECF No. 12) is denied.

22   4. The allegations in the pleading are sufficient at least to state a potentially cognizable
23   due process claim against defendant Gonzales.  *See* 28 U.S.C. § 1915A.

24   5. The remaining allegations are dismissed with leave to amend within 30 days of service
25   of this order.  Plaintiff is not obligated to amend his complaint.

26   6. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a
27   copy of the March 12, 2014 complaint (ECF No. 1), one USM-285 form and instructions for
28   service of process on defendant.  Within 30 days of service of this order plaintiff may return the

6

1 attached Notice of Submission of Documents with the completed summons, the completed USM-
2 285 forms, and two copies of the endorsed complaint.  The court will transmit them to the United
3 States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.
4 Defendants will be required to respond to plaintiff's allegations within the deadlines stated in
5 Rule 12(a)(1) of the Federal Rules of Civil Procedure.

6      7.  Failure to comply with this order may result in a recommendation that this action be
7 dismissed.

8 Dated:  February 9, 2015.

                                   EDMUND F. BRENNAN
9                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM KNIPP, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-960-KJM-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　In accordance with the court's Screening Order, plaintiff hereby elects to:

　　　　(1) _____   proceed only with the due process claim against defendant Gonzales, as identified in the court's Screening Order, dismiss defendants Knipp, Mulford, and Mockely, and submits the following documents:

　　　　　　　　  1     completed summons form
　　　　　　　　  1     completed forms USM-285
　　　　　　　　  2     copies of the endorsed March 12, 2014 complaint

　　　　OR

　　　　(2) _____   delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: