UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | No. 2:14-cv-960-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WILLIAM KNIPP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. He has filed an "ex parte motion" requesting that CDCR be restrained from retaliating against him, which the court construes as a motion for preliminary injunctive relief. ECF No. 47. So construed, the court recommends that the motion be denied.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

1

2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

The complaint alleges due process claims against defendants Knipp and Gonzales, and Eighth Amendment deliberate indifference to safety/medical needs claims against defendants Mulford and Mockley.  ECF Nos. 22, 23.  In the motion for injunctive relief, plaintiff complains that in retaliation for commencing a lawsuit in the United States District Court for the Northern District of California, unspecified staff at the California Men's Colony, East (where plaintiff is now housed), have made it difficult for him to obtain legal documents from his property.[1]  As relief, plaintiff seeks an order compelling "CDCR" to "cease any further retaliation."  ECF No. 47 at 2.

Plaintiff has not shown a likelihood of success on the merits, nor has he shown any relationship between the preliminary relief sought and the subject matter of this lawsuit.  The motion is not accompanied by any evidence establishing a likelihood of success in this action, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on his claims and that it is the least intrusive means for doing so.  Plaintiff also fails to present evidence establishing that the balance of equities tips in his favor or that the requested injunctive

---

[1] In a subsequent filing, however, plaintiff informed the court that he was able to prepare "an adequate response to defendants' summary judgment [motion]," which is currently pending before this court.  ECF No. 52 at 1.

1  relief is in the public interest.  Thus, plaintiff has not made the showing required to meet his
2  burden as the party moving for preliminary injunctive relief, and his request must be denied.
3       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 47),
4  construed as a motion for a preliminary injunction, be denied.
5       These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7  after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
12 DATED:  May 17, 2016.

               EDMUND F. BRENNAN
               UNITED STATES MAGISTRATE JUDGE

3